IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Brandon J. Eschman**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-29- RJD |
| ) | |
| **United States of America,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the court for case management purposes. Plaintiff filed this suit against Aaron Mason on October 14, 2019 in the Circuit Court of St. Clair County, Illinois. Plaintiff alleged that he was involved in a motor vehicle collision that resulted from Defendant Mason's negligence. The United States of America and Defendant Mason, through the U.S. Attorney's Office, removed this suit to federal court pursuant to 28 U.S.C. 1442(a)(1), 1442(a), and 2679(d)(2) on January 10, 2020. Because Defendant Mason was working within the scope of his employment at the time of the collision with Plaintiff, the U.S.A. was substituted as the proper defendant in this matter pursuant to 28 U.S.C. §2679(d).

Plaintiff's counsel moved to withdraw on January 27, 2020. In his motion, he provided the Court with Plaintiff's last known address. The Court denied counsel's motion, noting that he had not informed the Court of whether he had complied with Local Rule 83.1(g)(2), which states:

> Unless another attorney is substituted, a withdrawing attorney must
> give reasonable notice of the time and place of the presentation of
> the motion for leave to withdraw to the party being represented by
> the party's last known business or residential address, by personal

> service or by certified mail. The notice shall advise the party being represented that he or she should retain other counsel and that within 21 days of the entry of the order of withdrawal, the party or the new counsel shall file with the Clerk of Court a supplementary appearance that provides an address at which the party and/or the new counsel may receive service of documents related to the case.

Plaintiff's counsel refiled his motion on February 3, 2020. As an exhibit to his motion, Plaintiff's counsel attached a copy of the letter he sent to Plaintiff, confirming that they had spoken about his Motion to Withdraw and informing Plaintiff that once the Court granted the motion, Plaintiff's new attorney would have 21 days to file an appearance. (Doc. 12-1). Plaintiff's counsel included a copy of Motion to Withdraw with the letter he sent to Plaintiff.

This Court granted the Motion to Withdraw on February 4, 2020. The Court ordered Plaintiff to either obtain new counsel or file a notice of intention to proceed *pro se* by February 25, 2020. The Court mailed a copy of the Order to Plaintiff's address on file with the Court, which was provided to the Court by Plaintiff's former attorney in his Motion to Withdraw.

Plaintiff never complied with the Court's February 4, 2020 Order. On April 28, 2020, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute. A copy of the April 28, 2020 Order was mailed to Plaintiff's address. Plaintiff never complied with the Court's April 28, 2020 Order. Both the February 4, 2020 Order and the April 28, 2020 Order were returned to the Court as undeliverable to Brandon Eschman. Plaintiff never provided the Court with a different address.

On July 9, 2020, the Court ordered Plaintiff to either file a notice of his intent to proceed *pro se* or to have counsel appear on his behalf by July 28, 2020. The Court instructed Plaintiff that if he failed to comply with this Order, his case would be dismissed with prejudice for failure to prosecute. The Court mailed a copy of this Order to Plaintiff's address on file with the Court. No

counsel appeared on Plaintiff's behalf, nor did Plaintiff file anything with the Court on or before July 28, 2020. As of August 2, 2020, the U.S. Postal Service had not returned the July 9, 2020 Order to the Court as undeliverable.

This Court has authority to *sua sponte* "clear [its] calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1961); *see also Fed. Election Com'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000). This case is certainly one of those dormant cases. It has now been in this Court for nearly eight months with no progress. Plaintiff shows no interest in pursuing this case and failed to comply with three orders. In two of those orders, Plaintiff was warned that his case would be dismissed if he failed to comply. Consequently, Plaintiff's case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**DATED:** August 3, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**